# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEICII DOWDA,<br><br>Plaintiff<br><br>v.<br><br>JACQUELINE WILLIAMS-OLANGO, M.D., SAN DIMAS MEDICAL GROUP, INC., BAYER HEALTHCARE PHARMACEUTICALS, INC., and DOES 1-50, inclusive,<br><br>Defendants | CASE NO. 1:19-CV-0871 AWI JLT<br><br>ORDER SUA SPONTE REMANDING MATTER FOR LACK OF SUBJECT MATTER JURISDICTION |

On June 24, 2019, Defendant Bayer Healthcare Pharmaceuticals, Inc. removed this personal injury lawsuit from the Kern County Superior Court on the basis of diversity jurisdiction. Bayer notes that Plaintiff's claims involve the implant of the Mirena IUD, which is the subject of a Multi-District Litigation proceeding in the Southern District of New York. Bayer contends that co-defendants Dr. Williams-Olango and the San Dimas Medical Group have been "fraudulently misjoined," which means that their consent is not needed for removal, their citizenship can be ignored, and the claims against them severed and remanded to the state court. Through application of the "fraudulent misjoinder" doctrine, Bayer contends that it is completely diverse from Plaintiff and that more than $75,000 is in controversy.

*Legal Standard*

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka,

599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Gaus, 980 F.2d at 566. "If at any time before judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 789 n.2 (9th Cir. 2018). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary," Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997), so district courts "must remand if [they] lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

*Discussion*

There are problems with Bayer's removal.

First, contrary to Bayer's representation in its notice of removal, the state complaint does not allege that Plaintiff "is, and was at the time of the filing of this action, a resident of California (*See* Compl. ¶ 1)." Instead, the Complaint alleges that Plaintiff "was a resident of Kern County, California at the time of the incident giving rise to this complaint." Complaint at ¶ 1. That Plaintiff was a resident of Kern County at the time of the *incident* says nothing about her current residency. Moreover, Plaintiff's current residency is alone insufficient to establish her citizenship; rather, the key is Plaintiff's domicile. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001); Christofferson v. All Pure Pool Serv. of Cent. Cal., 2019 U.S. Dist. LEXIS 58600, *2-*3 (E.D. Cal. Apr. 4, 2019). Therefore, merely identifying Plaintiff's residence is insufficient to demonstrate her citizenship. Kanter, 265 F.3d at 857-58. Therefore, Bayer has not shown that it is diverse from Plaintiff.

2

Second, the "fraudulent misjoinder"[1] doctrine was adopted by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). The Ninth Circuit has neither adopted nor declined to adopt the "fraudulent misjoinder" doctrine. See Weskan Agency LLC v. CGB Diversified Servs., 2019 U.S. Dist. LEXIS 56854, *11 (D. Ida. Mar. 31, 2019); Hampton v. Holper, 319 F.Supp.3d 1204, 1210 (D. Nev. 2018). While some cases within the Ninth Circuit have adopted "fraudulent misjoinder," e.g. Sutton v. Davol, Inc., 251 F.R.D. 500 (E.D. Cal. 2008) (Wanger, D.J.), the vast majority of district courts within the Ninth Circuit have rejected the doctrine. See Weskan Agency, 2019 U.S. Dist. LEXIS 56854 at *11-*13; Hampton, 319 F.Supp.3d at 1210-11. The rationale for rejecting "fraudulent misjoinder" is that the doctrine flips the normal presumptions against removal jurisdiction, improperly expands the jurisdiction of the federal courts, and circularly requires the court to act (while knowing that it otherwise does not have jurisdiction) by severing parties and only then finding that jurisdiction exists. Weskan Agency, 2019 U.S. Dist. LEXIS 56584 at *12-*13; Hampton, 319 F.Supp.3d at 1211-12. Here, the Court is persuaded by that rationale. Indeed, the undersigned has previously rejected the "fraudulent misjoinder" doctrine and remanded a removed case that relied upon that doctrine. See Ellis v. Amerigas Propane, Inc., 2016 U.S. Dist. LEXIS 160443 (E.D. Cal. Nov. 18, 2016). The Court sees no reason to change course at this time, especially in light of the sheer legion of cases in the Ninth Circuit that reject the doctrine. See Hampton, 319 F.Supp.3d at 1210-11 (citing numerous cases). The Court will continue to apply established Ninth Circuit jurisprudence, which applies a strong presumption against removal and requires the Court to resolve all doubts against removal and in favor of remand.

Without application of the "fraudulent misjoinder" doctrine, there is no basis to disregard the citizenship of Dr. Williams-Olango and the San Dimas Medical Group. Bayer does not attempt to demonstrate the citizenship of these co-defendants.

---

[1] The fraudulent misjoinder doctrine applies where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. See Tapscott, 77 F.3d at 1360; Hampton, 319 F.Supp.3d at 1209. The fraudulent misjoinder must be "egregious," not a "mere misjoinder." See Tapscott, 77 F.3d at 1360; Hampton, 319 F.Supp.3d at 1209, 1212.

3

In sum, Bayer has not shown that complete diversity exists and thus, has not established diversity jurisdiction. Without diversity jurisdiction, this Court lacks subject matter jurisdiction and must remand this matter to the Kern County Superior Court. See 28 U.S.C. § 1447(c); <u>Kelton Arms</u>, 346 F.3d at 1192; <u>Bruns v. NCUA</u>, 122 F.3d 1251, 1257.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 1447(c), this case REMANDED forthwith to the Kern County Superior Court.

IT IS SO ORDERED.

Dated: June 26, 2019

_____
SENIOR DISTRICT JUDGE